```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

HOMER R. WASHINGTON,              §
TDCJ-ID #1306506,                 §
                                  §
            Plaintiff,            §
                                  §
v.                                §    CIVIL ACTION NO. H-07-2963
                                  §
HARRIS COUNTY, et al.,            §
                                  §
            Defendants.           §
                                  §
```

**MEMORANDUM OPINION AND ORDER**

Homer R. Washington, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed this lawsuit, pursuant to 42 U.S.C. § 1983, against Harris County along with a doctor and a nurse employed at Harris County Jail. Washington claims that he was injured and denied medical treatment. After considering the original complaint as well as pleadings filed in a prior action, the court has determined that this action should be dismissed because it is barred by limitations.

## I. Allegations

Washington states he suffered from diabetes when he was a pretrial detainee in the Harris County Jail from January through July of 2005. On January 18, 2005, an unidentified nurse (Jane Doe) ordered Washington to go to the "tank door" for an insulin

shot. See Docket Entry No. 1, at 5. When Washington protested that he felt weak, Nurse Doe threatened to move him to isolation. Washington then attempted to comply but blacked out and fractured his ankle. Nurse Doe refused to provide any medical treatment despite the apparent injury.

Later, Dr. Porsa refused to x-ray Washington's ankle and only gave Washington pain medication; however, Dr. Porsa later x-rayed the ankle on May 22, 2005. The x-ray revealed a fracture, but Dr. Porsa concluded that it was an old break. Washington insisted that he had never broken the ankle and requested a referral to a podiatrist. The request was denied. Instead, Dr. Porsa wrapped the ankle tightly, gave Washington more pain medication, and sent him back to his cell. Washington alleges that the ankle swelled to the size of a "softball" and had to be amputated on May 25, 2007. Washington seeks $650,000 in damages for the injuries he suffered.

## II.  Analysis

Washington's claims are time barred because they concern events that occurred more than two years before the action was filed. In suits brought by prisoners, such as Washington, who have not paid the filing fee in advance, the defense of limitations may be raised by the court. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). The alleged injury and denial of medical care occurred between January 18, 2005, and May 22, 2005. Washington was transferred out

of the Harris County Jail by the end of July of 2005. This action was filed no earlier than August 27, 2007, the date Washington signed the complaint and apparently gave it to prison authorities to mail to the United States District Court for the Southern District of Texas. In a section 1983 action, the court looks to the forum state's personal-injury limitations period. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998), citing Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). In Texas the statute of limitations period is two years after the date on which the cause of action arose. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

While state law provides the limitation period, federal law determines when an action accrues. Jacobsen, 133 F.3d at 319. Under federal law an action accrues when the plaintiff knows or has reason to know that he has been injured. Holmes v. Texas A&M University, 145 F.3d 681, 684 (5th Cir. 1998). Given the nature of the alleged events, Washington would have been aware of the violation at the time of the alleged injury and denial of access to medical care. See Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998).

The court is aware that Washington has previously filed a complaint raising the same claims regarding his treatment in the Harris County Jail. That action was dismissed for want of prosecution after Washington failed to respond to the court's Order for More Definite Statement. Washington v. City of Houston, No. H-06-3621 (S.D. Tex. Jan. 17, 2007). Washington filed a Motion for

Extension of Time to file a More Definite Statement, which was granted by the court. Id., Docket Entry Nos. 7, 8. The court reviewed the subsequent More Definite Statement but denied a new trial (Docket Entry No. 9) after finding that Washington had failed to exhaust administrative remedies prior to filing the lawsuit. The court acknowledged that Washington asserted that he had physical handicaps that hindered his ability to comply with the exhaustion requirement but rejected the argument after noting that he was able to file the lawsuit and fifty-seven medical requests during the period in question. Id. Washington's prior civil action does not alter the untimeliness of his present action. See Graham v. Johnson, 168 F.3d 762, 777 n.12 (5th Cir. 1999).

Generally, the limitations period is tolled while administrative remedies are pursued. Wright v. Hollingsworth, 260 F.3d 357 (5th Cir. 2001). In the current proceeding Washington has submitted a copy of Step 1 and Step 2 grievances filed with the TDCJ-CID. Docket Entry No. 1, at 9-12. However, the grievances were not filed until 2007, approximately two years after the alleged violations occurred. Prisoners generally must file their grievances within a short period after the complained of incident. See Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998) ("Prisoners are allowed 15 calendar days to file a step 1 grievance. TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Administrative Directive No. AD-03.82 (rev. 1), Policy ¶ VI (Jan. 31, 1997)"). Moreover,

the TDCJ-CID administration rejected the Step 2 grievance because it concerned the Harris County Jail, which was outside of its jurisdiction. Docket Entry No. 1, at 12. Washington's untimely compliance with the grievance process does not serve to restore his action against the prison officials. Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). Washington's failure to bring the alleged denials of medical treatment to the attention of proper authorities denied them the opportunity to correct the alleged problem and his purported disabilities and does not excuse him from complying with the requirements of 42 U.S.C. § 1997e. See Porter v. Nussle, 122 S.Ct. 983, 988 (2002) (§ 1997e's purpose is to filter out frivolous claims and to allow prisons and jails to address legitimate problems and improve their administration); Ferrington v. La. Dep't of Corrs., 315 F.3d 529, 532 (5th Cir. 2002) (rejecting a claim of exhaustion based on plaintiff's alleged blindness where plaintiff was able to file other grievances and appeal a disciplinary hearing). Washington waited in the Harris County Jail for at least several months, from May through the end of July of 2005 before he was transferred without filing any administrative appeal. Because the two-year statute of limitations was not tolled, the complaint in the present action is untimely since it was filed more than two years after the cause of action accrued. Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998).

Therefore, this action will be dismissed with prejudice because Washington fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e).

### III. Conclusion

Therefore, the court **ORDERS** the following:

1.  This prisoner civil rights complaint, filed by Homer R. Washington, TDCJ-ID #1306506, is **DISMISSED**. 28 U.S.C. § 1915(e)(2)(B).

2.  The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number (936) 437-4793; and the Pro Se Law Clerk for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 28th day of September, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE